IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALTAMAHA RIVERKEEPER, INC., and  \*
JANE FRASER FULCHER,              \*
                                  \*
     Plaintiffs,                  \*
                                  \*
     v.                           \*   CV 206-186
                                  \*
U.S. ARMY CORPS OF ENGINEERS, et al., \*
                                  \*
     Defendants.                  \*

---

O R D E R

---

The captioned case is presently before the Court on Defendants' motion to dismiss.[1] (Doc. no. 41.) Plaintiffs filed a response opposing the motion. (Doc. no. 44.) Defendants filed a reply (doc. no. 46) to Plaintiffs' response to which Plaintiffs filed a surreply (doc. no. 47). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

### I. BACKGROUND

In March 2006 the U.S. Army Corps of Engineers ("the Corps") issued Mary Gearon and Robert Fisher certifications,

---

[1] Defendants Mary Gearon and Robert Fisher were dismissed from this action pursuant to the parties' agreement at the October 11, 2007 settlement conference. (Order of Oct. 17, 2007.) Accordingly, their motion to dismiss (doc. no. 43) is **DENIED** as **MOOT**.

pursuant to nationwide permit ("NWP") 18,[2] to fill any existing wetlands on their Sea Island, Georgia, properties. At the time, in the Savannah District, NWP 18 was subject to "Regional Condition #30" which specifically prohibited the utilization of NWP 18 in "tidal waters."[3]

On April 7, 2006, Plaintiffs contacted the Corps and requested that it conduct a field study of the Sea Island sites to ensure that the subject wetlands were not tidal. (Compl. ¶ 42.) After various field tests were conducted, the Corps concluded that the wetlands at issue were not made up of tidal waters and reaffirmed the issuance of the NWP 18 certifications.

On August 23, 2006, Gearon and Fisher began filling the wetlands on the project sites. (Id. at ¶ 57.) Plaintiffs filed the instant suit the next day seeking (1) a declaratory judgment that the certifications were unlawfully issued and (2) an injunction to prevent the filling of the wetlands or requiring restoration of the wetlands. Plaintiffs also requested a temporary restraining order and a preliminary injunction. (Doc. no. 4.)

---

[2] NWP 18 is a general permit that covers minor discharges of dredged or fill material into waters of the United States.

[3] "Tidal waters" are "waters that rise and fall in a predictable and measurable rhythm or cycle due to the gravitational pulls of the moon and sun. Tidal waters end where the rise and fall of the water surface can no longer be practically measured in a predictable rhythm due to masking by hydrologic, wind or other effects." 33 C.F.R. § 328.3(f).

2

On October 11, 2006, this Court held a hearing on Plaintiffs' motion for a temporary restraining order and a preliminary injunction. On October 27, 2006, after considering the parties' briefs, the arguments presented at the October 11th hearing, as well as the Administrative Record submitted by the Corps on October 6, 2006, Plaintiffs' motion was denied. (See Order of Oct. 27, 2006.)

On December 29, 2006, Plaintiffs filed a motion to supplement the Administrative Record. (Doc. no. 31.) The Court denied the motion because Plaintiffs failed to make a showing of agency bad faith which would justify the consideration of extra-record submissions. (See Order of June 21, 2007.)

The instant motion to dismiss was filed on July 12, 2007. Defendants contend that this action is moot because Regional Condition #30 has been removed from NWP 18 in the Savannah District. (See doc. no. 42, Ex. A.) As such, Defendants assert that Plaintiffs' cause of action is no longer viable because current and future NWP 18 permit holders can now utilize their permits in tidal waters. (Id. at 2.) However, Plaintiffs contend that (1) Regional Condition #30 is still applicable to the certifications under the "Grandfather Provision," (2) the elimination of Regional Condition #30 amounts to abusive agency action, and (3) the elimination of

Regional Condition #30 does not completely eradicate their claims. (See doc. no. 44.)

In reply to Plaintiffs' response, Defendants assert that, regardless of the continuing applicability of Regional Condition #30 to the certifications, this action is moot because construction on the properties has been completed and the sites no longer contain any wetlands. (See doc. no. 46.) In their surreply, Plaintiffs contend that any evidence of completion should not be considered because it is outside of the Administrative Record (doc. no. 47 at 2-3) and that, nevertheless, Defendants' conduct falls within the voluntary cessation exception to the mootness doctrine (id. at 5 (citing Friends of the Earth, Inc. v. Laidlaft Envtl. Servs., 528 U.S. 167, 189 (2000)).

## II. DISCUSSION

As noted, Defendants contend that the instant action is moot and should be dismissed. "'The case or controversy requirement of the Constitution requires that moot cases be dismissed; in a moot case, there is no longer the vitality and interest among the parties that our adversary system of justice requires.'" Dupree v. Palmer, 284 F.3d 1234, 1236-37 (11th Cir. 2002) (quoting Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1448 (11th Cir. 1987)). As the Supreme Court has held, the "burden of demonstrating mootness is a

4

heavy one." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (internal quotations and citation omitted).

Even so, jurisdiction may abate and an action may become moot when: "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Dupree, 284 F.3d at 1237 (quoting County of Los Angeles, 440 U.S. at 631). When each of these conditions are satisfied, the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law. Id. at 1237.

In response to Defendants' argument regarding the removal of Regional Condition #30, Plaintiffs assert that the removal of this condition does not apply retroactively to the certifications at issue. As Plaintiffs note, although the Corps reissued all existing NWPs with some modifications on March 19, 2007, a "Grandfather Provision" is applicable to all certifications which were issued pursuant to the expiring NWPs. (Doc. no. 44, Ex. F, 72 Fed. Reg. 11092 (March 12, 2007)). Specifically, the Grandfather Provision states that "activities authorized by the [expiring] NWPs . . . that have commenced or are under contract to commence by March 18, 2007, will have until March 10, 2008, to complete the activity under

the terms and conditions of the [expiring] NWPs." (Id.); see also 33 C.F.R. § 330.6(b). Thus, while Regional Condition #30 is not applicable to NWP 18 certifications which were issued in the Savannah District after March 19, 2007, Plaintiffs claim that the certifications issued in March 2006 - under which construction commenced before March 18, 2007 - are governed by the conditions applicable to the previous NWP 18.

The terms of the Grandfather Provision appear to render the now defunct Regional Condition #30 applicable to the certifications. However, the commonly understood definition of a "grandfather clause" undermines this conclusion. Under the dictionary definition, a "grandfather clause" is "a clause creating an exemption based on circumstances previously existing." Merriam-Webster Online Dictionary, at http://www.m-w.com. Plaintiffs' proposed application of the Grandfather Provision does not fit this definition. It would, in fact, have the opposite result and conditions which are no longer viable would continue to be enforced by fiat. The Court declines Plaintiffs' invitation to accept this illogical result.[4] Additionally, even if Plaintiffs could establish that the Corps' decision was "arbitrary, capricious,

---

[4] By way of analogy, consider a building code which allowed a maximum stair riser height of seven (7) inches and a set of stairs which were improperly built with a riser height of 7.5 inches. If the building code was subsequently modified to allow a riser height of up to eight (8) inches, it would be nonsensical to consider the 7.5 inch stairs "grand fathered" out of compliance.

an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), based upon the existence of tidal waters,[5] the proper procedure would be to remand the matter to the Corps for further consideration. In light of Regional Condition #30's removal, such a result would be an exercise of futility as the Corps could issue a certification under the current NWP 18.

Because Regional Condition #30 has been removed from NWP 18, the basis for Plaintiffs' lawsuit has been eliminated. Further, the Court rejects Plaintiffs' contention that the elimination of Regional Condition #30, which was accomplished in compliance with the applicable procedural requirements, amounts to abusive agency action.[6]

### III. CONCLUSION

Upon the foregoing, Defendants' motion to dismiss (doc. nos. 41) is **GRANTED**. The Clerk is **DIRECTED** to close this case.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of December, 2007.

UNITED STATES DISTRICT JUDGE

---

[5] In light of the Court's findings in its October 27, 2006 Order denying Plaintiffs' motion for temporary restraining order and a preliminary injunction, it is doubtful that Plaintiffs could make the requisite showing.

[6] The Court's conclusion in this regard pretermits consideration of Defendants' remaining arguments.

7